Good morning and may it please the Court, my name is Anne Carter and I represent the We are asking the Court to reverse the order denying Mr. Mulamba's motion to suppress because law enforcement seized his phone without probable cause and then searched it pursuant to a warrant that contained material misrepresentations and an omission in violation of Franks. I will begin this morning with the seizure of the phone. To seize a phone under the exigent circumstances of the United States, the United I apologize. To seize the phone pursuant to the exigent circumstances doctrine, law enforcement needed both probable cause and an emergency. And here they did not have probable cause that evidence of a crime would be found on the phone. The primary evidence that they rely on was the teenager's mother's statements that the teenager had exchanged sex for a vape pen. But those statements were contradicted by the teenager's own statements and the evidence that law enforcement saw on the phone itself. On the phone itself were just her post that he had asked to exchange, to make out in exchange for a disposable vape pen, not that there was any sexual encounter. And also by the time Had the defendant admitted to deleting things from the phone prior to the seizure of the phone? Yes, Your Honor, but we don't believe that that Isn't that in and of itself evidence of probable cause that there must be something on there that was under the circumstances? I don't believe there is, Your Honor, because probable cause is assessed under the totality of the circumstances. Here, this convict, he was initially informed that law enforcement had been called on approximately Monday, that he was interviewed by police on Friday. So by that time, he has had several days, he knows that he might be under investigation. If he was going to delete something, he could have already done it. Further, if he were hiding from the police, he would have hidden from the police. He wouldn't have told them exactly what he was doing. And then Agent Jacob asks him, are you deleting things? And he says, he's deleting things that are embarrassing to him. And it's pretty clear, I think, from the conversation, he's talking about explicit videos of himself. He's talking to Agent Jacob about explicit videos of himself. And so in the totality of the circumstances, given the amount of time he had to do something if he wanted to, and what is going on in this conversation, I don't think that just the deleting things itself is sufficient to show evidence of a crime on that phone. I'd like to follow up on that, because it seems that the deleting of the messages seems to be doing dual work, at least in maybe the district court's analysis. In other words, can you rely on the deleting of the messages both for probable cause and exigency? Because it does seem to be a two-step process. You have probable cause O, an exigency. They're deleting stuff. They're trying to destroy evidence. I had a question about that, of how that works. Can you use that evidence for both? I think the court, yes, could use the evidence for both. And here, we're not challenging that there was an emergency. I think this court's case law says that deleting, the potential to delete or destroy evidence, could be an emergency. Here, our position is simply that it did not raise to the level of probable cause. And are you saying that the district court could consider the deletion? To Judge Grunder's question about he admits that he's deleting something from the phone, what's your position on how the district court could consider that in determining probable cause? I would agree that, yes, it is a factor toward that probable cause analysis. But looking at the totality of the circumstances, it alone, or even in combination with the other circumstances, is not enough for probable cause here on these facts. How about if you throw in, wasn't there like a three-minute delay in terms of him going to get the phone? Yes, Your Honor. So when he originally comes out to speak to law enforcement, he does not have his phone with him. They ask him to go inside to get it. And he's inside for a couple of minutes. Had they told him before he went back in the purpose of their visit? Not explicitly. They told him that they were there to investigate because someone had seen his car or had known that he was talking to one of their family members. But they hadn't specifically indicated that it was anything to do with this particular teenager. If there are no further questions, we'll go ahead. What if we were to conclude that there was no probable cause to seize the phone? No exigency, so that was an unlawful warrantless seizure. What happens to the rest of your argument? If law enforcement did not have authority to seize the phone, then I think everything from there would become fruit of the poison mystery. Because the warrant is a warrant to search and seize, although they already seized it. I was just wondering whether that warrant in any way does any work on the seizure. Law enforcement had already seized the phone and the warrant is not issued until approximately two weeks later on July 13th. So the seizure happens on June 25th. It's, I guess, 18-ish days later that they get the warrant. So that, I do believe, would be an unlawful seizure. And, of course, regarding that warrant, we do believe there were material misstatements and omissions in violation of Frank's. And I would emphasize particularly the omission of the teenager's statements that she only sent images of herself to another teenager. This is a warrant for child pornography offenses related to his conduct with that teenager. And her statements that she never sent him images go directly to whether there's probable cause for that offense. And I think that is exactly the type of information that the issuing magistrate needed to know. Agent Jacob includes other statements by her, and the one that he excludes is the one that detracts from probable cause. I think that's the principal evil that Frank's goes to when it includes omissions. If I recall correctly, the district court found that any omissions or false statements were not reckless or intentional. Is that something we review for clear error? Yes, Your Honor, it is. But I disagree particularly with regard to that teenager's statements. Agent Jacob testified he knew that she had said that because she said it directly to him. And he testified he chose to exclude it because she was not trustworthy. But that's contradicted by paragraphs 23 and 24 of the affidavit, which rely entirely on her statements that cannot be verified. So we think that is in violation of Frank's, and I would ask to reserve the remainder of my time. Thank you. Mr. Parsons. Thank you, Your Honor. Thank you, Your Honor. Thank you, Your Honor.  I guess I'll start with the issue of probable cause. Here, law enforcement conducted an investigation between HSI and the Sioux Falls Police Department. The report was that the mother believed that her daughter was being enticed to trade sexual favors for a vaped pen. And there was substantial evidence that that may have occurred. And, in fact, they had the car. They had the make and model of the car. They had the color of the car. They had the plate of the car. They had text messages that were talking about sexual things, I want to have your babies, with a Snapchat name that they had, which was Amiro Fenomeno. They saw that evidence. They had some conflicting testimony from the minor who was reluctant to disclose what had happened, and I'm embarrassed about what her mother is, but we had a mother who was being very protective here. Now, there was probable cause, I believe at that point, to believe a crime had been committed, but the problem was, and the officers recognized this, as Judge Redmond said in the United States v. Summage, you also need a nexus, not just a crime, but a nexus to the place or item that you want to search or seize. And so they didn't have that yet, and they recognized that. So they ran the plate. It came to Mr. Mulambo, Amir. Kagan. Can I just ask a question?  When you said they didn't have a nexus, you mean they didn't have a nexus between their probable cause for a crime having been committed and the phone? Yes, Your Honor. Why not? I mean, wasn't she saying that they — I mean, if you believe that there was probable cause at that point, didn't the minor say that they were communicating on — by phone? Because there was talk about cell service and Wi-Fi and — Yes, but they didn't necessarily know that it was Amir Fenimano's phone, and that Amir Fenimano was — or Amir Fenimano was Mr. Mulambo. When did they — when did they confirm that? Was that — didn't they confirm that before they went to the house to see him? They believed they had. They ran the plate. They believed they had the right person. They didn't know if he was the person driving the car. That's the type of thing they wanted to confirm. Because the reason I'm following up, and you probably know, because the officers, for what it's worth, say we don't — and I think you're saying we don't have probable cause to seize the phone when we go there. And I'm just trying to figure out what — if we put aside the deletion, his conduct, like we've got his conduct once they confront him or address him. But what else is there that they didn't have when they walked up and said, we want to speak to Mr. Mulambo? Yes, Your Honor. And the officers didn't believe they had probable cause. They may have had had it at that point, but that's not an issue. And to answer your question, they confirmed that he was the only one driving that car on that night. They confirmed that he had — that Amiro Fenomeno was on his phone as his Snapchat handle. They confirmed that when they spoke with him or before then? No, I believe while they were speaking with him, they observed that when he was showing them. He had the phone in his hand, and at first he let them look at a few things, and then he kept it very close to his vest after that, and he started to get more nervous. So I do believe they observed — my recollection is they observed Amiro Fenomeno as his Snapchat handle. They observed the victims — not the victim, but the 16-year-old girls. Her first name was in his Snapchat, and when they mentioned her first name, that's when he got very nervous. That's when he got more protective, and that's when he started deleting. And so they observed him, and they said, hey, are you deleting evidence? And he said, no, I'm just deleting things that are embarrassing for me. He tried to give an innocent explanation, but there's no need for probable cause affidavit to negate that explanation, as this Court said in cases. Instead, what it did was say, no, they gave a lot of evidence, totality of evidence, that we know there was a transaction of some kind, and we also have testimony that she went out, the daughter went out to the car, and he tried to get her to get into that car with the vape pen, and he said, I only want to make out with you. Get in the car. She refused. She got scared, grabbed the vape pen, and ran upstairs. But that's not a crime, right? Well, it is a crime if he's using the vape pen to coerce her into a commercial sex act, which is something, something of value. But she said make out, right? So the direct evidence here is not a commercial sex act. If you believe it, take it literally what was on the phone. It did not say, I want to have sex with you for a vape pen. It said, but he did say earlier, I want to have, you have my babies, and I need to take you out, and you like to moan and things like that. So there was all sexual nature. And there was testimony that this is a classic kind of way that people groom young people, people under 18, to try to get them to send photographs or engage in sexual acts. And so that was the evidence on that. It's not the strongest case you'll ever see, but I think there was more than enough probable cause when you put it all together. Even confirming innocent details can support a finding of probable cause, and everything this mother said checked out when they went there to talk to him. And he was acting suspicious. He was deleting, not abiding with instructions to stop deleting. So if I could turn to the Franks v. Delaware issue. Can I ask you the same question? Yes. Can I ask you, Ms. Carter? Yes. What happens if there was no probable cause to seize the phone? Well, it's kind of a distinction. If there's no probable cause to seize the phone, then, well, I guess then it was an invalid search, which there's no probable cause. And so then the search warrant would be invalid as well? I assume. The cases make clear that if you have, if there's a fair probability that you have, for you to believe there might be evidence of a crime, then you have probable cause. I'm just curious as to what the impact of the seizure is on, because the later, as I said, the later warrant is a seizure and search, but law enforcement already had it. So do you agree with Ms. Carter on that? I think so. And I think they did the right thing here because they followed, you know, the requirements of the cases to seize the phone and then get a warrant. That's what they did. They didn't just seize the phone and search it. You can't do that. The United States Supreme Court's made clear. So the warrant affidavit itself is very detailed, I believe, for a warrant. There are a few omissions that they really focus on that they claim meet the Franks v. Delaware test. One is this dispute about whether they told him they had the search warrant, and that's why he signed the consent form. There's a point in the recording where he says, so do you have a search warrant? They've been saying we're going to get one, and then they said they'd talk to an attorney. And he said, do you have a search warrant? And they both say, yep. And the discussion here in the briefing has been that that would mislead him because they didn't have the search warrant. Now, what the district court found was they had missed it. The testimony was they misunderstood his question. They said they were going to get a search warrant. The magistrate judge credited that testimony. And after that, there's several minutes of discussion about we're going to get this search warrant. And, in fact, I think it's the most reasonable inference is the reason he signed the consent form was because he wanted to avoid the process of the search warrant so they could just search the phone, so he could get his phone that day rather than over the week after the weekend on Monday. But in any event, district court, Judge Schreier held that was really immaterial. The Court never reached the consent issue. There's probable cause in the absence of that. But what about the omission of the statement by the minor? It is sort of an interesting thing to put in a couple of paragraphs of the information that the minor has told you. You're including it to support probable cause. And then you say, oh, yes, she did say this one other thing, but I didn't think she was trustworthy. Yes. Yeah. You know, that raises an eyebrow or two. But I think the way the district court addressed it was exactly right. The Magistrate Judge and Judge Schreier is, first of all, there's probable cause. If you delete that, there's more than enough probable cause already. You mean if you add it? Yeah, if you add it. I'm sorry, yes. If you add it. And really, there was a dispute over, you know, she was changing her story a little bit about what had and hadn't occurred. And he wasn't sure that would have been a truthful statement to put that in, and so he didn't put that in. But ultimately, the finding was by the district court is that the focus here was not, was there an exchange of if you have sex with me, then I'll give you a vape pen. That was the focus. It was not necessarily just, you know, there may have been pornography on that phone, but setting that aside, there was still probable cause that there may have been an exchange of a vape pen for sex with a person under 18. And that's the crime. So under the Frank's test, there's still probable cause a crime was committed. I see that my time is up. Thank you, Your Honors. Judge. Thank you. For rebuttal. Thank you, Your Honor. I want to focus on something that Judge Kelly said regarding nexus for the probable cause to seize the cell phone here, is probable cause requires a fair probability that evidence of a crime will be found in the property to be seized. And it's important to remember that by the time officers seized Mr. Malumba's phone, they had interviewed the teenager multiple times, and Agent Jacob had searched her cell phone for evidence of this crime, and he didn't find any evidence of it. And so the images that we do have of her phone gave no indication of an exchange of a sexual act in exchange for a vape pen, and then further investigation showed no further messages between the two of them on her phone. And so I think that goes against the idea that there would be evidence, therefore, on his phone if it's not on her phone. So with that, Your Honors, we would ask the Court to reverse the denial of the motion to suppress. Thank you. Thank you, counsel. The case, not surprisingly, raises factually tricky, shall we say, Fourth Amendment issues that have been fairly brief. Your arguments have been helpful, and we'll take them under advisement.